Prob 12C
(Rev. 1/06 D/HI)

# SEALED BY ORDER OF THE COURT
## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 2 0 2006

at _3_ o'clock and _40_ min. _P_ M
SUE BEITIA, CLERK

U.S.A. vs. <u>INGA BERTELMANN</u>                    Docket No. <u>CR 00-00257HG-02</u>

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW TIMOTHY M. JENKINS, SUPERVISING PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of INGA BERTELMANN, who was placed on probation by the Honorable Helen Gillmor, Chief U.S. District Judge, sitting in the Court at Honolulu, Hawaii, on the 4th day of June 2001, who fixed the period of probation at five (5) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant serve six (6) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at her place of residence during non-working hours and shall not leave her residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office. In the event home detention with electronic monitoring cannot be implemented by the Probation Office, the defendant shall serve six (6) months in community confinement, as arranged by the Probation Office.

3. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

4. That the defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.



SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

2

On 8/27/2003, the Court revoked the defendant's term of probation for the following violations: (1) the subject submitted urine specimens that tested positive for methamphetamine on 9/12/2002, 8/7/2003, 8/9/2003 and 8/11/2003; (2) the subject refused to comply with drug testing on 4/7/2003 and 8/6/2003; (3) the subject associated with Albert Barona, a person convicted of a felony, without being granted permission to do so by the Probation Officer, from about 9/17/2002 through 10/17/2002, and on 6/1/2003, 6/8/2003, 6/22/2003 and 6/29/2003; (4) the subject failed to follow the instructions of the Probation Officer on 6/1/2003, 6/8/2003, 6/22/2003 and 6/29/2003; and (5) the subject associated with persons engaged in criminal activity on 9/10/2002 and 8/6/2003.  The Court sentenced the defendant to seven (7) months imprisonment, to be followed by a 35-month term of supervised release.  The following special conditions were ordered:

1. That the defendant is prohibited from possessing any illegal or dangerous weapons.

2. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

5. That the defendant shall submit her person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of her Supervised Release (Probation Form 7A attached) as follows:

1. On 12/10/2006, the subject engaged in conduct constituting State of Hawaii offenses, to wit, Assault Against a Law Enforcement Officer in the First Degree, and Harassment (2 counts) in violation of Hawaii Revised Statutes §§ 707-712.5 and 711-1106 respectively, in violation of the General Condition.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

3

=========================================================================

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show
cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be
sealed for other than law enforcement purposes and until such time that the subject has been
arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on <u>December 20, 2006</u>

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 20th day of December, 2006, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Court Judge

Re:    **BERTELMANN, Inga**
       **Criminal No. CR 00-00257HG-02**
       **REVOCATION OF SUPERVISED RELEASE**


## STATEMENT OF FACTS

The subject was convicted of Conspiracy to Make, Forge, Pass, Counterfeit Obligations of the United States, in violation of 18 U.S.C. §§ 371, 471, and 472, a Class D Felony. On 6/4/2001, she was sentenced to a 5-year term of probation, and she commenced her term of probation on the same day.

On 8/27/2003, the Court revoked the defendant's term of probation for several violations, including testing positive for illicit substances, refusing to comply with drug testing, association with a felon, and associating with persons engaged in criminal activity (illegal drug use). She was sentenced to seven (7) months imprisonment, to be followed by a 35-month term of supervised release.

On 1/23/2004, the subject commenced her term of supervised release. On the same date, the terms and conditions of supervised release were reviewed with the subject who acknowledged understanding all of the requirements mandated by the Court. She was specifically advised not to commit a federal, state, or local crime. In addition, she was referred for substance abuse treatment.

**Violation No. 1 - Engaging in Criminal Conduct:** On 12/11/2006, the subject reported to this officer that she was arrested on the previous evening for Assault of a Law Enforcement Officer. The subject denied having committed the alleged offense, although she acknowledged that she had been involved in an incident with the police.

After reviewing the relevant police reports and discussing the incident further with the subject and the arresting police officer, it appears that Honolulu Police officers were addressing an underlying domestic situation involving the subject's friend and the friend's estranged husband at approximately 10:00 p.m., on 12/10/2006, at an apartment complex located in Kaneohe, Hawaii. The subject's son thereupon became involved in a physical altercation with police officers in the parking lot of the complex and the subject intervened. The subject explained that she was simply attempting to stop the police from attacking her son who is a minor. The arresting officer and the police reports indicate that a struggle did erupt between police and the subject's son. Subsequently, the subject reportedly jumped on the back of one of the officers that was struggling with her son. The subject reportedly was punching the back of the officer's head and clawing at the side of his face. A second officer then engaged the subject and she was pushed off of the first officer. The subject then reportedly jumped on the second officer's back and struck him with her fists and hands. This officer pushed back the subject. Finally, the arresting officer reportedly became involved when it appeared the subject was going to grab the two (2) officers again. The subject was pulled back by the arresting officer to stop her from interfering with the arrest of her son. A struggle

Re:   **BERTELMANN, Inga**
      **Criminal No. CR 00-00257HG-02**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 2**

between this officer and the subject ensued.  While attempting to place the subject under arrest, the subject reportedly pulled the arresting officer's hair and nipped at her left pinky finger with her teeth.  Throughout the incident, the subject was reportedly belligerent and used obscene language.

The initial officer who was allegedly assaulted by the subject had visible injuries after the incident.  The police officer had tenderness and bruising on the back of his head, long bleeding scratches from his left ear to the back of his head, and stiffness and redness to his neck.  Assault Against a Law Enforcement Officer in the First Degree is defined under Hawaii Revised Statutes § 707-712.5 as intentionally or knowingly causing bodily injury to a law enforcement officer who is engaged in the performance of duty.  The offense is punishable by up to 5 years imprisonment.

The two (2) counts of Harassment are a result of the subject allegedly striking the second officer with her fists and pulling the hair and biting the finger of the arresting officer.  Harassment is defined under Hawaii Revised Statutes § 711-1106 and is a petty misdemeanor.

Following her arrest, the subject was released on 12/11/2006 pending further investigation by the Honolulu Police Department.

To her credit, the subject has had demonstrated periods of stability during this supervision term.  She was able to secure government-subsidized housing and maintain full-time employment as a truck driver.  She also successfully completed a substance abuse treatment program.  However, given her alleged conduct, the subject may present an unacceptable risk to the community.  Consequently, we request that the Court issue a No Bail warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.

Respectfully submitted by,

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

TMJ/ct

Re:  **BERTELMANN, Inga**
     **Criminal No. CR 00-00257HG-02**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 3**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

None.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To:        INGA BERTELMANN                           Docket No.  CR 00-00257HG-02
Address:

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor,  U.S. District Judge for the District of Hawaii.  The defendant's term of supervision is for a period of 35 months commencing 1/23/2004.

While on supervised release, the defendant shall not commit another federal, state, or local crime.  The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X ]        The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]        The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)        The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)        The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)        The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)     The defendant shall support his or her dependents and meet other family responsibilities;

(5)     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*See attached.*


Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


(Signed) _Inga Bertel_                                    _1-23-04_
         INGA BERTELMANN, Defendant                          Date


         _Martin Romualdez_                               _1.23.2004_
         J. MARTIN ROMUALDEZ                                  Date
         U.S. Probation Officer

PROB 7A
(Rev. 9/00, D/HI 7/02)

RE:   INGA BERTELMANN
      Docket No. CR 00-00257HG-02

Conditions of Probation and Supervised Release
**(continued from previous page)**

*(1)   The defendant is prohibited from possessing any illegal or dangerous weapons.*

*(2)   The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

*(3)   The defendant shall provide the Probation Office access to any requested financial information.*

*(4)   The defendant shall participate in a mental health program at the discretion and direction of the Probation Office.*

*(5)   The defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Inga Bertel_                    1-23-04
        INGA BERTELMANN, Defendant          Date


        _J. Martin Romualdez_              1.23.2004
        J. MARTIN ROMUALDEZ                  Date
        U.S. Probation Officer